IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| LaTon Stubblefield (R-68717), | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 14 C 10092 |
| v. | ) ) ) | Judge Thomas M. Durkin |
| Beck, | ) ) |  |
| Defendant. | ) |  |

## ORDER

Plaintiff's motions "of vemification[sic]/amend" [25] and for attorney representation [26] are denied without prejudice. Plaintiff's amended complaint [9] remains the operative complaint.

## STATEMENT

Plaintiff LaTon Stubblefield, a prisoner at Pontiac Correctional Center, was given leave to pursue this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, while Plaintiff was detained at Cook County Jail, Defendant C/O Beck was deliberately indifferent to a serious risk of injury by other inmates and to his serious medical needs. Currently before the Court are Plaintiff's motion "of vemification[sic]/amend," in which he seeks to amend one page of his complaint, and his motion for attorney representation.

Before the Court is Plaintiff's proposed amended complaint, which is attached to his motion "of vemification[sic]/amend," for initial review under 28 U.S.C. § 1915A. In his motion, Plaintiff seeks to amend only "Page '6,' section #5#Relief" of his complaint. In particular, it appears that Plaintiff wants to add official capacity claims against Defendant. Plaintiff's motion is denied without prejudice for two reasons.

First, piecemeal amendments to complaints are prohibited. Because Plaintiff seeks to amend only a single page and submitted only that page with his motion seeking leave to amend, the motion is denied.

Second, even after reviewing Plaintiff's proposed amendments in conjunction with the allegations within the amended complaint on which Plaintiff already is proceeding, Plaintiff has not stated any claim against C/O Beck in his official capacity. Plaintiff does not (and could not properly) seek injunctive relief, given that he is no longer incarcerated at Cook County Jail and gives no indication that he is likely to return there. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir.1995) ("If a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred.");

*West v. Walker*, No. 06 C 4350, 2007 WL 2608789, at *3 (N.D. Ill. Sept. 4, 2007) (Zagel, J.). Further, an official capacity claim against C/O Beck is in effect a suit against Cook County, which may be liable for damages under § 1983 only where the unconstitutional acts at issue were allegedly caused by official policy, widespread and settled governmental practice or custom, or an official with final policy-making authority. *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)). Here, Plaintiff alleges only misconduct by a single officer on a particular shift; this is insufficient to state an official-capacity claim. Accordingly, Plaintiff's motion [25] is denied without prejudice.

Plaintiff's motion seeking attorney representation also is denied at this time. Although "[t]here is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). In making the decision whether to recruit counsel, the Court must engage in a two-step analysis: (1) has the plaintiff made a reasonable attempt to obtain counsel on his own behalf or been effectively precluded from doing so; and, if so, (2) given the factual and legal complexity of the case, does this particular plaintiff appear competent to litigate the matter himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc). This analysis does not focus solely on the plaintiff's ability to try the case, but on his ability to gather evidence and prepare and respond to motions. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Factors to be considered include: (1) the stage of litigation, *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (holding that it is difficult to make an accurate determination regarding a plaintiff's ability to litigate the matter when case is still in "its infancy"); (2) plaintiff's submissions and pleadings, *Olson*, 750 F.3d at 712 (well-written pleadings and appearance that plaintiff can follow instructions indicate that counsel is not needed); (3) medical and mental health issues, *Olson*, 750 F.3d at 712; (4) transfer to a different facility, *Junior v. Anderson*, 724 F.3d 812, 815 (7th Cir. 2013) (transfer to a different facility may impede plaintiff's ability to obtain evidence including affidavits/declarations from others to support his/her claim); (5) plaintiff's capabilities, including intelligence (IQ), literacy, degree of education, communication skills, and litigation experience, *Pruitt*, 503 F.3d at 655; *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 658 (7th Cir. 2014) (recruitment of counsel required for a blind inmate with a tenth-grade education); *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (enlistment of counsel was necessary for a functionally illiterate inmate); and (6) complexity of the case, *Dewitt*, 760 F.3d at 658; *Henderson*, 755 F.3d at 566; *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010); *Pruitt*, 503F.3d at 655-56.

After considering the above factors, the Court concludes that solicitation of counsel for Plaintiff is not currently warranted. Plaintiff indicates that he has made requests to several law firms, organizations or attorneys seeking representation in this lawsuit, and that they have declined to represent him. Accordingly, the Court proceeds to the factors for determining whether attorney representation from the Court's resources is warranted. This case is at an early stage and does not involve particularly complex issues; pro se litigants frequently address claims of failure to protect and delay in provision of medical care, such as those alleged here. Although Plaintiff alleges that

2

he suffers from mental health issues, for which he takes medications that impair his "overall daily behavior & discernment ability," the Court notes that Plaintiff has handled this litigation competently to date. Plaintiff successfully followed Court orders and amended his complaint to state a claim against Defendant. His filings to date have been sufficient to make his requests clear and are better organized than those of many *pro se* litigants. Plaintiff also is an experienced litigant, who has brought at least eight cases in this Court within the last seven years. Further, Plaintiff does not suggest that his conditions or his transfer to prison affects his ability to obtain needed evidence, and Plaintiff is free to pursue discovery in any manner set forth in the Federal Rules of Civil Procedure. The Court grants *pro se* litigants wide latitude in the handling of their lawsuits and will continue to do so here. Plaintiff's motion is denied without prejudice to later renewal.

Date: 12/10/15 /s/ Thomas M. Durkin